IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO COTIY-MONZON and CATARINA CRISTINA ECOQUIJ-XOCOM, Individually, and on Behalf of All Others Similarly Situated | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY DEMANDED |
| BUFFET KING RESTAURANT, INC. | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiffs Antonio Cotiy-Monzon and Catarina Cristina Ecoquij-Xocom, Individually, and on Behalf of All Others Similarly Situated (collectively referred to as "PLAINTIFFS"), file this Original Complaint and Jury Demand against Defendant BUFFET KING RESTAURANT, INC., and for cause of action will show to the Court as follows:

### I. PRELIMINARY STATEMENT

1.  This lawsuit seeks damages against Defendant BUFFET KING RESTAURANT, INC., for violations of the Fair Labor Standards Act ("FLSA"), as amended. MONZON AND XOCOM, on behalf of themselves and all other similarly situated employees, seek to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, and reasonable attorneys' fees and expenses. Moreover, MONZON AND XOCOM seek to certify this matter as a collective action under the FLSA.

## II. PARTIES

2. Plaintiff MONZON is an individual residing in San Antonio, Bexar County, Texas.

3. Plaintiff XOCOM is an individual residing in San Antonio, Bexar County, Texas.

4. Defendant BUFFET KING RESTAURANT, INC. (hereinafter referred to as "BUFFET KING"), is a corporation conducting business in the State of Texas. Defendant BUFFET KING has been served with a request for waiver of service by serving its registered agent, as reflected in the Texas Secretary of State records: Ru Zhang, at 6809 McCart Ave., Ste. 100, Fort Worth, Texas 76133. At all times during MONZON and XOCOM's employment Defendant BUFFET KING was the employer of MONZON and XOCOM and the similarly situated employees as defined by 29 C.F.R. § 791.2.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated." In addition, this Court has jurisdiction over the subject-matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to MONZON's and XOCOM's claims occurred in this District.

## IV. FACTUAL ALLEGATIONS IN SUPPORT OF FLSA CLAIMS

6. At all times hereinafter mentioned, Defendant BUFFET KING has been an

employer and enterprise engaged in commerce within the meaning of the FLSA. Defendant BUFFET KING has employees engaged in interstate commerce. In addition, at all times hereinafter mentioned, MONZON and XOCOM and the similarly situated employees were employees of Defendant BUFFET KING and were engaged in commerce on behalf of Defendant BUFFET KING as required by 29 U.S.C. §§ 206-207.

7. Defendant BUFFET KING operates an Asian cuisine restaurant in Houston and San Antonio, Texas. MONZON and XOCOM were employed by Defendant at 7211 Highway 6, Houston, Texas 77083. At the location where MONZON and XOCOM worked, BUFFET KING employs approximately 10-20 employees.

8. Defendant BUFFET KING employed MONZON from February 1, 2014, to November 15, 2016, as a cook.

9. MONZON's work schedule consisted of working six days a week from 10:00 a.m. to 10:30 p.m. on average. MONZON received one 15 minute break to eat lunch. BUFFET KING manipulated MONZON's time cards and required him to sign them to reflect fewer hours worked.

10. BUFFET KING paid MONZON $900 on the 1st and 16th of each month from February 2014 to April 2015. BUFFET KING paid MONZON $1,000 on the 1st and 16th of each month from May 2015 to November 15, 2016. MONZON also earned tips from customers, averaging $300/week, but BUFFET KING would keep those tips. BUFFET KING owes MONZON approximately $78,000 in overtime wages, not including liquidated damages.

11. Defendant BUFFET KING employed XOCOM from March 19, 2015, to November 15, 2016, as a food preparer.

12. XOCOM's work schedule consisted of working six days a week from 10:00 a.m.

to 10:30 p.m. on average. MONZON received one 15 minute break to eat lunch. BUFFET KING manipulated XOCOM's time cards and required him to sign them to reflect fewer hours worked.

13. BUFFET KING paid XOCOM $800 on the 1st and 16th of each month from March 2015 to May 2016. BUFFET KING paid XOCOM $900 on the 1st and 16th of each month from June 2016 to November 15, 2016. BUFFET KING owes XOCOM approximately $25,000 in overtime wages, not including liquidated damages.

14. When MONZON and XOCOM and similarly situated employees worked over 40 hours per week, Defendant BUFFET KING would not properly compensate said employees for hours worked over 40 hours per week. Specifically, Defendant BUFFET KING failed to pay MONZON and XOCOM, and other similarly situated employees, time and one-half of their regular rate for all hours worked over forty in a workweek.

## V. CAUSE OF ACTION: FLSA OVERTIME WAGES

15. The preceding paragraphs are incorporated by reference herein for all purposes.

16. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant BUFFET KING and protect MONZON and XOCOM and the putative class members.

17. Defendant BUFFET KING failed to pay MONZON and XOCOM and the putative class members overtime wages at time-and-a-half for hours that they worked over 40 hours in a workweek for the relevant time period(s).

18. As a result of Defendant BUFFET KING's unlawful acts, MONZON and XOCOM and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

19. Defendant BUFFET KING's unlawful conduct was and has been willful and intentional. Defendant BUFFET KING was aware or should have been aware that the practices described herein were/are unlawful. Defendant BUFFET KING has not made a good faith effort to comply with the FLSA with respect to the compensation of MONZON and XOCOM and the putative class members.

20. Because Defendant BUFFET KING's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

21. The preceding paragraphs are incorporated by reference herein for all purposes.

22. Pursuant to Section 16(b) of the FLSA, MONZON and XOCOM bring this Complaint as a collective action, on behalf of themselves and all others similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

23. Defendant BUFFET KING had a common policy of failing to pay its employees time-and-one-half of their regular rate for all hours worked over forty in a workweek. As a result of this common policy or scheme, Defendant BUFFET KING wrongfully denied non-exempt personnel of overtime wages at time-and-a-half for hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former non-exempt debt collectors who were not compensated at time-and-a-half for hours that they

worked over 40 hours in a workweek, worked at any time during the three years preceding the filing of this Original Complaint.

24. MONZON and XOCOM are informed and believe, and based thereon, allege that there are other FLSA class members who could "opt-in" to this class.

25. Additionally, the actual number of FLSA class members is readily ascertainable by a review of Defendant BUFFET KING's records through appropriate discovery, and MONZON and XOCOM propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII. PRAYER

26. MONZON and XOCOM, on behalf of themselves and all others similarly situated employees, respectfully request that the Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against Defendant BUFFET KING for the following:

(a) Actual and liquidated damages for unpaid overtime wages under the Fair Labor Standards Act, as amended;

(b) reasonable attorney's fees under the Fair Labor Standard Act;

(c) pre-judgment and post-judgment interest as provided by law;

(d) all costs of court; and

(e) any other relief to which MONZON and XOCOM and the members of the class may be entitled, whether in law or equity.

## VIII. JURY DEMAND

27. Plaintiffs demand a trial by jury on all issues in this matter and tender the

appropriate fee with this Original Complaint.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
SBN. 24036888
S.D. ID 713316
2603 Augusta Dr., 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTFFS:**



*/s/ José E. Galvan*
José E. Galvan
SBN. 24083039
S.D. Id. 2200705
Kennard Richard, P.C.
2603 Augusta Dr., Ste. 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
jose.galvan@kennardlaw.com